UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHAWNA FARLEY**                                      **CIVIL ACTION**

**VERSUS**                                              **NO. 14-731**

**JAMES ROGERS, WARDEN**                                **SECTION "H"(5)**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.[1]

### *I. Procedural history*

Petitioner, Shawna Farley, is a state prisoner incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. On December 18, 2001, she pleaded guilty to two counts of distribution of cocaine in violation of Louisiana Revised Statute 40:967(A) and was sentenced on each count to a concurrent term of fifteen years imprisonment. On that same

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

date, she also pleaded guilty to being a multiple offender and was resentenced on count one to a concurrent term of fifteen years imprisonment at hard labor without benefit of probation or suspension of sentence pursuant to Louisiana Revised Statute 15:529.1.[2] She did not appeal her conviction or sentence.[3]

On December 4, 2003, Farley filed a motion to correct an illegal sentence with the state district court.[4] On December 9, 2003, the district court ordered Farley to refile the motion within thirty days of receipt of her requested *Boykin* transcripts.[5] On January 5, 2004, Farley refiled her motion to correct an illegal sentence.[6] The court denied that motion on January 9, 2004.[7]

---

[2] State Rec., Vol. 1 of 3, tab 2, Minute entry of December 18, 2001; see also Transcript of trial proceedings/guilty plea at tab 10, pp. 28-31.

[3] The record contains a letter from Farley to the district court dated February 7, 2002, inquiring about the status of her appeal. State Rec., Vol. 1 of 3. Although Farley pursued a writ of mandamus in connection with a purported motion for appeal in the state courts, the court of appeal determined that no such motion for appeal was ever filed and denied the writ. State Rec., Vol. 3 of 3 (tab 35), *Farley v. State of Louisiana*, 02-KH-497 (La. App. 5th Cir. 5/21/02). In fact, the state court record is devoid of any motion for appeal or direct appeal proceedings.

[4] State Rec., Vol. 1 of 3, tab 7. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). If that date cannot be gleaned from the state court record with respect to the filing, this Court will use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court.

[5] State Rec., Vol. 1 of 3, tab 8.

[6] State Rec., Vol. 1 of 3, tab 9.

[7] State Rec., Vol. 1 of 3, tab 11.

On April 22, 2004, Farley filed a motion to amend her sentence with the state district court.[8] That motion was denied on May 7, 2004.[9] Her related supervisory writ application to the Louisiana Fifth Circuit Court of Appeal was denied on June 23, 2004.[10] Her writ application to the Louisiana Supreme Court was denied pursuant to Louisiana Code of Criminal Procedure article 930.8 as untimely and Louisiana Code of Criminal Procedure article 930.3 as procedurally barred on May 20, 2005.[11]

On or about December 20, 2005, Farley filed a third motion to correct an illegal sentence in the state district court.[12] That motion was denied on February 3, 2006.[13] A fourth motion to correct an illegal sentence, similar to her previous motion, was filed in the state district court on or about April 7, 2006.[14] The motion was denied as repetitive on April 26, 2006.[15]

---

[8] State Rec., Vol. 1 of 3, tab 12. Although the motion itself is not dated, Farley's motion to proceed *in forma pauperis* accompanying the motion to amend sentence is dated April 22, 2004. The pleading is file-stamped May 4, 2004.

[9] State Rec., Vol. 1 of 3, tab 13.

[10] State Rec., Vol. 1 of 3, tab 14, *State v. Farley*, 2004-KH-695 (La. App. 5th Cir. 6/23/04).

[11] *State ex rel. Farley v. State*, 2004-KH-2091 (La. 5/20/05), 902 So.2d 1038; *see also* State Rec., Vol. 1 of 3, tab 15.

[12] State Rec., Vol. 1 of 3, tab 16, Motion to correct an illegal sentence under LSA-C.Cr.P. art's 881.5 and 882, with letter dated December 20, 2005, received and file-stamped January 3, 2006.

[13] State Rec., Vol. 1 of 3, tab 17.

[14] State Rec., Vol. 1 of 3, tab 18. The record reflects this pleading was mailed on April 7, 2006 and file-stamped by the district court on April 11, 2006.

[15] State Rec., Vol. 1 of 3, tab 19.

On or about June 7, 2008, Farley filed her second motion to amend the sentence in the state district court.[16]  On or about March 9, 2009, Farley filed a third motion to reduce or amend her sentence.[17]  The district court denied that motion on March 19, 2009.[18]  On or about September 21, 2009, Farley filed an ex parte motion for lack of subject matter jurisdiction in the state district court.[19]  That motion was denied on September 28, 2009.[20]

About this time, Farley also had a writ application pending with the Louisiana Supreme Court, which was transferred to the Louisiana Fifth Circuit Court of Appeal for consideration pursuant to the procedures outlined in that Court's *en banc* resolution of September 9, 2008.[21] *State v. Cordero*, 08-1717 (La. 10/3/08), 993 So.2d 203.  Upon remand, the Louisiana Fifth Circuit reconsidered the two writ applications previously filed by Farley (Nos. 02-497 and 04-695) and found no error in its prior rulings.[22]  The Louisiana Supreme Court denied Farley's related writ application on March 4, 2011.[23]

---

[16] State Rec., Vol. 2 of 3, tabs 27-28.  The record contains no ruling on this motion.  However, as the State notes, Farley subsequently filed a similar motion, which the state district court denied in March 2009.

[17] State Rec., Vol. 1 of 3, tab 21.  The motion bears a file-stamp dated March 11, 2009.

[18] State Rec., Vol. 1 of 3, tab 22.

[19] State Rec., Vol. 2 of 3, tab 26.

[20] State Rec., Vol. 1 of 3.

[21] State Rec., Vol. 3 of 3, tab 32, 32-A, Louisiana Supreme Court writ application No. 08-KH-2374.

[22] State Rec., Vol. 1 of 3, *State ex rel. Farley v. State*, 08-WR-859 (La. App. 5th Cir. 2/24/10).

[23] *State ex rel. Farley v. State*, 2010-KH-0619 (La. 3/4/11), 58 So.3d 472; see also State Rec., Vol. 2 of 3 for copy of ruling.

On February 20, 2014, Farley filed the instant federal application for *habeas corpus* relief.[24] The State contends the petition was not timely filed and that the claims are unexhausted and procedurally defaulted. The Court pretermits consideration of the State's latter asserted bars to federal *habeas* review because the record supports the State's assertion that the petition, in any event, is untimely.

## *II. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring her Section 2254 claims within one (1) year of the date on which her underlying criminal judgment becomes "final."[25] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir.2003). However, "[i]f the defendant stops the appeal process before that

---

[24] Rec. Doc. No. 1, initial federal civil pleading with memorandum in support of petition for *habeas corpus* relief signed February 20, 2014. A form *habeas* petition signed on March 21, 2014 was later received and tendered for filing on March 27, 2014. "A prisoner's *habeas* application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed the initial petition on February 20, 2014, which is presumed to be the earliest date on which it could have been delivered to prison authorities for mailing.

[25] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir.2004) ( Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir.2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir.2008).

Farley pleaded guilty and was sentenced on December 18, 2001. Her state criminal judgment then became final for AEDPA purposes no later than December 27, 2001, when she failed to file an appeal within the time allowed by state law.[26] As a result, her federal limitations period therefore commenced on that date and expired one year later on December 27, 2002, unless the deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.

---

[26] In 2001, Louisiana Code of Criminal Procedure articles 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal a conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La. R.S. § 1:55(A). In 2001, December 22 was a Saturday and December 23 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date her criminal judgment became final. The following two days, Christmas Eve, proclaimed as a holiday by the Governor of the State of Louisiana in 2001, and Christmas Day, are also excluded.

§ 2244(d)(2). However, Farley had no such applications pending before the state courts during the applicable one-year period. While it appears from the record that Farley filed an application during that period requesting documents,[27] it is clear that applications seeking documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. *Higginbotham v. Tanner*, Civ. Action No. 10–1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); *Parker v. Cain*, Civ. Action No. 02–0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), *certificate of appealability denied*, No. 03–30107 (5th Cir. June 23, 2003); *Boyd v. Ward*, Civ. Action No. 01–493, 2001 WL 533221, at *4 (E.D.La. May 15, 2001), *certificate of appealability denied*, No. 01–30651 (5th Cir. Aug. 22, 2001). Because such an application did not trigger statutory tolling, and because Farley had no other state applications pending at any time during the one-year limitations period, she clearly is not entitled to any tolling credit pursuant to § 2244(d)(2). Further, although she filed numerous state post-conviction motions after December 27, 2002, these motions filed after the expiration of the federal statute of limitations have no bearing on the timeliness of her federal application. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir.2001); *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll."

---

[27] In the district court's Order dated May 31, 2002, the court notes that a *Boykin* motion was granted on January 17, 2001. The year appears to be a typographical error as Farley did not plead guilty until December 2001. Although the motion itself does not appear in the state court record, the Court will presume it was filed within the one-year limitations period.

*Butler v. Cain*, 533 F.3d at 318.

The Court next considers whether equitable tolling is warranted. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002).

To the extent Farley may argue that her federal application should be considered timely because, on September 14, 2008, she filed the state petition which challenged the procedures the Louisiana Fifth Circuit Court of Appeal used to rule on *pro se* post-conviction writ applications, her contention does not support equitable tolling. As Farley asserts, in 2007, it came to light that the Louisiana Fifth Circuit Court of Appeal had for many years assigned a single judge to review all *pro se* post-conviction writ applications, despite the state constitutional requirement that the courts of appeal "sit in panels of at least three judges." *See State v. Cordero*, 993 So.2d 203, 204–05 (La.2008); La. Const. art. V, § 8(A). As a result, in *Cordero*, the Louisiana Supreme Court decided that writ applications alleging this deficiency during the relevant period would be remanded to the Louisiana Fifth Circuit for reconsideration and proper review. This occurred in Farley's case. However, for prisoners such as Farley, whose conviction became final long before the irregularity was discovered, the

additional review accorded pursuant to *Cordero* is not a basis for either statutory or equitable tolling. *See*, *e.g.*, *Ruffin v. Cain*, Civ. Action No. 13-481, 2013 WL 5506140, at *8-9 (E.D. La. Sep. 30, 2013); *Thomas v. Tanner*, Civ. Action No. 10–1795, 2011 WL 4344605, at *4–8 (E.D.La. Aug. 23, 2011), *adopted*, 2011 WL 4345076 (E.D. La. Sept. 15, 2011); *see also Nellon v. Cain*, Civ. Action No. 10–4430, 2012 WL 1142539, at *5 (E.D. La. Jan. 25, 2012) ("[T]he additional review petitioner has been accorded as a result of *Cordero* is of no moment, because that review did not 'reset' his federal statute of limitations. Where, as here, a petitioner's federal limitations period expired *prior to Cordero*, the additional review accorded as a result of the *Cordero* procedure is simply irrelevant."), *adopted*, 2012 WL 1089232 (E.D. La. Mar. 30, 2012).

Because Farley is entitled to neither statutory tolling nor equitable tolling, her federal application for *habeas corpus* relief had to be filed on or before December 27, 2002. Her federal application was not filed until February 20, 2014. It is therefore untimely.

Furthermore, out of an abundance of caution, the Court agrees with the State's position that Farley would not be entitled to federal *habeas corpus* relief in any event. Her sole claim in the federal application is that her rights were violated by the improper procedures used by the Louisiana Fifth Circuit Court of Appeal to review her post-conviction application.[28]

---

[28] As part of her claim, it appears that Farley also complains about the dismissal of the civil case she filed in the 24th Judicial District Court based on the improper procedures used by the Louisiana Fifth Circuit Court of Appeal in reviewing post-conviction applications. As gleaned from her federal application and exhibits, in April 2009, she filed a civil lawsuit in state court alleging judicial misconduct by the judges of the Louisiana Fifth Circuit Court of Appeal. In August 2013, her lawsuit was dismissed. A related writ application was then denied by the Louisiana Supreme Court on November 22, 2013. *Farley v. Edward Dufresne, Jr., et al.*, 2013-CP-2124 (La. 11/22/13), 126 So.3d 487. In her petition, Farley indicates that her federal application is meant to serve as an appeal of the dismissal of her state lawsuit. Rec. Doc. 1, Petition, p. 9. To the extent she may be attempting to "appeal," however, this Court has no appellate jurisdiction over final state-court judgments. *See Lance v. Dennis*, 546 U.S. 459, 463

However, that claim is not even cognizable in this proceeding, because federal *habeas corpus* relief cannot be granted to remedy an error in state post-conviction proceedings. As the United States Fifth Circuit Court of Appeals has explained:

> [O]ur circuit precedent makes abundantly clear that errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief. *See, e.g.*, *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.1997) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court."); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotations omitted). Rather, we must find constitutional error at the trial or direct review level in order to issue the writ.

*Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir.1999); *see also Duff–Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir.1992); *Anthony v. Cain*, Civ. Action No. 07–3223, 2009 WL 3564827, at *23 (E.D. La. Oct. 29, 2009); *Baham v. Allen Correctional Center*, Civ. Action No. 07–4075, 2009 WL 3148757, at *3 (E.D. La. Sept. 30, 2009); *Davis v. Cain*, Civ. Action No. 07–6389, 2008 WL 5191912, at *6 (E.D. La. Dec. 11, 2008). The Fifth Circuit consistently follows this rule and has emphasized:

> We, as a federal appeals court entertaining a federal habeas corpus application, are without jurisdiction to review the constitutionality of [the petitioner's] state postconviction proceedings. Indeed, we are barred from doing so by our "no state habeas infirmities" rule.... [O]ur hands are tied by the AEDPA, preventing our review of [the petitioner's] attack on his Louisiana postconviction proceedings, so we dutifully dismiss his claim.

*Kinsel v. Cain*, 647 F.3d 265, 273–74 (5th Cir.) (footnote omitted), *cert. denied*, 132 S.Ct. 854 (2011). As a result, a Louisiana prisoner's *Cordero* claim simply is not cognizable in a federal *habeas corpus* proceeding. *Wilford v. Cain*, Civ. Action No. 10–2163, 2011 WL 6819035 (E.D.La.

---

(2006).

Dec. 28, 2011); *Thomas*, 2011 WL 4344605, at *7.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Farley's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[29]

New Orleans, Louisiana, this  8th  day of     January    , 2015.

                                                       MICHAEL B. NORTH
                                        UNITED STATES MAGISTRATE JUDGE

---

[29] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.